[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15425
Non-Argument Calendar
_____

Agency No. A098-862-441

FANNY BEATRIZ VELEZ LINARES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 29, 2013)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Fanny Beatriz Velez Linares, a native and citizen of Venezuela, seeks

review of the Board of Immigration Appeals' (BIA) final order affirming the

Immigration Judge's (IJ) denial of her application for asylum and withholding of removal.[1]  Velez Linares argues the BIA erred in affirming the IJ's denial of her claims, and that the IJ's adverse credibility finding was improper.  The IJ made an adverse credibility finding as to Velez Linares, and also found that her evidence did not demonstrate persecution or a nexus between the harm she suffered and a statutorily protected ground.  Velez Linares's notice of appeal to the BIA mentioned the latter two issues concerning persecution and a nexus to a protected ground, but her brief focused on the adverse credibility finding.  The BIA affirmed the IJ's adverse credibility finding.  The BIA also noted that Velez Linares's "appeal did not address the Immigration Judge's determination that the respondent had not demonstrated the requisite nexus between her circumstances in Venezuela and a protected ground or that the harm she suffered rose to the level of persecution."  Based on these determinations, the BIA held that Velez Linares had not demonstrated her statutory eligibility for asylum or withholding of removal and dismissed her appeal.

I.

---

[1] Velez Linares also applied for relief under the United Nations Convention Against Torture (CAT), but she did not meaningfully challenge the IJ's denial of her CAT claim to the BIA. Neither did she raise any arguments as to her CAT claim here.  Thus this claim has been abandoned and we will not address it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to hear issues not adequately exhausted before the BIA below); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not briefed on appeal are abandoned).

An alien who is present in the United States may apply for asylum. Immigration and Nationality Act (INA) § 208(a)(1), 8 U.S.C. § 1158(a)(1) (2006). The government has the discretion to grant asylum if the alien establishes that she is a "refugee," INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A) (2006), defined, in part, as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (2006). Thus, "the alien must, with specific and credible evidence, establish (1) past persecution on account of [an enumerated protected ground], or (2) a well-founded fear of future persecution on account of a statutorily-protected ground." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

An alien seeking withholding of removal must show that, upon return to her country in question, her life or freedom would be threatened due to her "race, religion, nationality, membership in a particular social group, or political opinion." Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1277 (11th Cir. 2009); INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A) (2006). To show this, "she must demonstrate that she more-likely-than-not would be persecuted or tortured upon her return." Tang, 578 F.3d at 1277 (quotation marks omitted).

3

Under the REAL ID Act of 2005, Pub. L. No. 109-13 § 101(a)(3), 119 Stat. 302, asylum applications filed after May 11, 2005, are subject to credibility determinations based on the totality of the circumstances.  Circumstances include: (1) "the demeanor, candor, or responsiveness of the applicant"; (2) "the inherent plausibility of the applicant's . . . account"; (3) "the consistency between the applicant's . . . written and oral statements"; (4) "the internal consistency of each such statement"; (5) "the consistency of such statements with other [record] evidence"; and (6) "any inaccuracies or falsehoods in such statements."  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); see Chen, 463 F.3d at 1231. The adverse-credibility determination may be based on inaccuracies, inconsistencies, or falsehoods, even if they do not relate to the heart of the asylum claim.  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  An IJ may deny asylum based upon an adverse credibility finding alone.  See Chen, 463 F.3d at 1231.

## II.

Velez Linares argues that she "gave extensive, detailed testimony about the various events that occurred to her in Venezuela as a result of [her] political activism," that she "presented [written] corroborating evidence," and that any inconsistencies in the evidence she presented to the IJ were minor.  Our review does not confirm this characterization of the record.  Suffice it to say that the

record does not compel the conclusion that the IJ erred because Velez Linares

offered credible testimony of past persecution on a statutorily protected ground.[2]

On a petition for review, we will review only the BIA decision, "except to

the extent that it expressly adopts the IJ's opinion," in which case we will also

review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001). ). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's

decision as well." Id. We review both opinions here because the BIA's opinion

made no factual findings of its own, instead referring to the IJ's reasoning which

was the basis for the adverse credibility determination.

---

[2] The government argues that Velez Linares failed to exhaust arguments as to the IJ's findings regarding persecution and a nexus to a protected ground, and that this is fatal to her claims for asylum and withholding of removal. The BIA itself expressed its belief that Velez Linares failed to present arguments regarding these issues. We disagree.

"We review our subject matter jurisdiction de novo." Amaya-Artunduaga, 463 F.3d at 1250. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted [her] administrative remedies with respect" to that claim by properly raising it to the BIA. Id.

Our de novo review of Velez Linares's brief in her appeal to the BIA, leads us to conclude that she did adequately exhaust her administrative remedies despite the BIA's comments to the contrary. Velez Linares argued that the error in the adverse credibility ruling was the predicate to the IJ's erroneous finding "that [Velez Linares] has not been persecuted in the past within the meaning of the Immigration and Nationality Act (INA)." Thus, Velez Linares did exhaust her administrative remedies with regard to past persecution based on a statutorily protected factor where she included that challenge in her Notice of Appeal and attacked the underlying reason for a finding against her in her brief to the BIA. See Alim v. Gonzalez, 446 F.3d 1239, 1254 (11th Cir. 2006) (holding that a petitioner had exhausted his administrative remedies where his "brief argu[ed] that the IJ erred in determining that [he] did not make a credible witness, a finding that could only be relevant to the merits" of his underlying claims).

In another context, we might remand this case for further findings about whether the evidence presented by Velez Linares, if found to be credible, provided sufficient evidence of past persecution or a nexus to a statutorily protected factor. See Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). However, we need not do so here because the IJ's adverse credibility determination was proper and sufficient to deny her relief. See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006).

The IJ's factual determinations, including adverse credibility determinations, are reviewed under a substantial evidence standard. We will affirm the IJ's factual decision so long as it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1006 (11th Cir. 2008). Under this test, the IJ's decision can be reversed only if the record compels a reasonable fact finder to conclude otherwise. Id. When the IJ finds that the alien lacks credibility, the IJ must provide specific, cogent reasons for the finding. Chen, 463 F.3d at 1231. The burden then shifts to the alien to demonstrate that the IJ's credibility finding was not supported by specific, cogent reasons or was not based on substantial evidence. Id. The mere presentation of tenable explanations for the inconsistencies which were the basis for an adverse credibility determination is not sufficient to reverse a IJ's credibility conclusions if these explanations do not compel a reasonable fact finder to conclude that the IJ erred. Id. at 1233.

Velez Linares was not entirely credible. She presented a case for asylum and withholding of removal for past persecution for her political opposition to the regime of then Venezuelan President Hugo Chavez based primarily on three incidents. First, Velez Linares asserted that in January of 2004, members of the pro-Chavez Bolivarian Circles vandalized the English language institute she owned and where she had helped organize demonstrations against Chavez. Second, Velez

6

Linares asserted that in August of 2004, she was assaulted, abducted and temporarily detained in a car by unknown assailants while traveling to meet with other anti-Chavez activists.  Third, Velez Linares asserted that in December of 2004, she and her husband were attacked outside a grocery store by assailants claiming association with the Bolivarian Circles.

First, Velez Linares's account of the alleged August 2004 car abduction changed from time to time.  In her oral testimony, she explained "all of a sudden they just grabbed me and put me in the car."  When asked if her assailants were armed, she replied that "[t]hey hit me in the back with something, but I would never know what it was."  On cross-examination, she reiterated that she "didn't see any weapons or guns" but when confronted with her written statement explained that she had "felt" a gun on her back.  These oral statements were in contrast to Velez Linares's written statement where she explained that she "was intercepted by 2 men who threatened [her] with a firearm and forced [her] to get into their car."  It also contrasted with a submitted police report where she claimed two men threatened her with a gun and forced her into a car.  This testimony was inconsistent enough to support a finding of no credibility and the record does not compel a different conclusion.  See Chen, 463 F.3d at 1231.

Second, Velez Linares's account of when and where she sought medical treatment after the alleged August 2004 incident was inconsistent.  Velez Linares

7

first testified that after she was released from the car in August 2004, strangers found her on the street and called her husband, who took her home and hours later called the doctor who came to her house. She reiterated this scenario on cross-examination. But her earlier written statement described how she had been taken to an emergency clinic. The proffered medical report stated that she had gone to the doctor's office as opposed to having the doctor come to her house. On cross-examination, she tried to explain away this inconsistency by saying that she had stopped at the doctor's house on the way home and then had been examined in her own home. Nevertheless, this testimony was inconsistent enough to support a no credibility finding. Again here, the record does not compel a different conclusion. See Chen, 463 F.3d at 1231.

Finally, Velez Linares's account of her injuries sustained in the alleged December 2004 supermarket attack was also not consistent. Velez Linares testified several times that she did not lose consciousness during the attack. However, she also submitted a medical certificate stating that as a result of the attack she lost consciousness. This testimony was again inconsistent enough that it could be found not credible and the record does not compel us to reach a different conclusion. See Chen, 463 F.3d at 1231.

Velez Linares's primary argument in her petition for review is that all of these alleged inconsistencies were "minor" and "trivial" and that "collateral

8

matter[s]" should not have such a bearing on her credibility. As set out above, however, the REAL ID Act of 2005 calls for credibility determinations based on the totality of the circumstances. See INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). The record below demonstrates that the IJ considered the totality of the circumstances in finding Velez Linares to not be credible. It does not compel an opposite result. See Chen, 463 F.3d at 1231. For this reason, we deny the petition for review.

**PETITION DENIED.**